# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GRAPHIC DESIGN MARKETING, INC.,

        Plaintiff,

v.                                                Case No. 11-C-0051

XTREME ENTERPRISES, INC., and
LAWRENCE E. JOHNSON,

        Defendants.

## MEMORANDUM AND ORDER

This action involves allegations of copyright infringement, trafficking in counterfeit labels, trade dress infringement, and unfair competition. Presently before the Court is a Civil L. R. 7(h) motion for contempt of court filed by Plaintiff Graphic Design Marketing, Inc. ("GDM"). (Dkt. 41.) Several months ago this Court enjoined Defendant Xtreme Enterprises, Inc. ("Xtreme") from manufacturing and distributing products bearing counterfeit GDM labels. (Dkts. 19-20.) The Court ordered Xtreme to issue a Recall Notice to retail outlets that sold the counterfeit products.

Over the past two weeks GDM has found counterfeit labels still being offered for sale at seven different Wisconsin retail locations where Xtreme products are sold. In light of this discovery GDM brings its motion for contempt of court.

District courts "have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States,* 493 U.S. 265, 276 (1990) (quoting *Shillitani v. United States,* 384 U.S. 364, 370 (1966). A party need not willfully violate a court order to be held in contempt. *Select Creations v. Paliafito Am.,* 906 F. Supp 1251, 1271 (E.D. Wis. 1995). Rather, a

party may be held in contempt for failing to reasonably, diligently, and energetically attempt to accomplish what was ordered. *Id.* But a finding of contempt is only appropriate where a party has engaged in behavior "clearly prohibited by a court order within its four corners." *Id.*

At this point the facts simply do not warrant a finding of contempt. Xtreme properly delivered the Recall Notice to retailers as required by the Court's order. Xtreme has ceased manufacture, delivery, and use of the infringing product. In addition Xtreme indicates that within seven days it will visit the locations identified by GDM to ensure no infringing products are being sold there.

The presence of counterfeit stickers on retail shelves does not, in and of itself, show that Xtreme has failed to reasonably, diligently, and energetically facilitate the removal of the infringing product. Certainly if GDM continues to find counterfeit stickers offered for sale at additional retail establishments it may bring a renewed motion for contempt. At this point, however, GDM's Local C. R. 7(h) motion for contempt of court (Dkt. 41) is **denied**.

Dated this ___9th___ day of May, 2011.

                                                        s/ William C. Griesbach  
                                                        William C. Griesbach  
                                                        United States District Judge